SJUR ·AMMONDSON

*v.*

ADELIA RYAN.

*Filed at Ottawa January 22, 1885.·*

1. HOMESTEAD—*sale on execution as directed by decree on creditor's bill—preservation of the homestead.* A decree on a creditor's bill which sets aside a conveyance of the debtor to his wife of a tract of land, including their homestead, as fraudulent, and directs the sheriff to proceed and sell the land under an execution in his hands issued upon a judgment previously entered against the debtor, is not open to the objection of ordering a sale of the homestead. In making the sale under the execution, the sheriff will take the necessary steps to preserve the homestead in the tract, as pointed out in the Homestead act. Section 8 of that act has no application to such a case, but relates to the enforcement of liens.

2. USURY—*as to commissions and other compensation to lender's agent.* Where a person making a loan of $2000, at the full legal rate of interest, required the borrower out of this sum to pay the lender's agent $100, which was deducted, $50 for examining the abstract of title and preparing the necessary papers, and $50 for commissions to the same person for effecting the loan, the borrower not having employed the agent to procure the loan, but dealt directly with the lender, it was *held,* that the note was usurious as to $50, being for the commissions, but not as to the $50 for passing upon the sufficiency of the security and drafting the papers.

3. SAME—*rule for computing interest when the contract is usurious.* Where $50 of a note of $2000 was found to be usury, and such note had been given up and a new one given for $3000, which included a new loan of $700 and the interest due on the other note, both notes bearing ten per cent interest, then allowed by law, it was *held,* that so far as the original note for $2000 entered into the $3000 note and deed of trust, the amount should be taken to be $1950 instead of $2000, and only six per cent interest should be computed on the $1950.

4. SAME—*of a judgment by confession embracing usury — as to the mode of adjusting the excess of interest.* Where a debtor's land was sold under a deed of trust, leaving a deficiency as to the debt due, for which a judgment was entered by confession, and it appeared the trustee's sale realized less than the principal of the real debt, it was held not necessary to set aside the judgment on the ground of the usury included therein, but that it should, by the decree, be reduced so as to stand for the sum due after deducting all the usury.

5. SAME—*of a trustee's sale—whether affected by the presence of usury in the amount for which the sale was made.* Where a trust deed conferred power of sale to satisfy any amount of the note that was due, and the whole principal and lawful interest were due when a sale was made by the trustee, it was *held,* that the sale was rightful, although the full amount of the face of the note might not have been owing, because of usury.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Some time in the year 1874, Adelia Ryan loaned to Sjur Ammondson $2000, secured by trust deed to Patrick W. Snowhook, on property in Chicago. No interest was ever paid on the loan, and in 1876 Ammondson wanting more money, the accumulated interest was added to the principal, and he, in addition, received $700 from Mrs. Ryan, making the total amount of his indebtedness to her $3000. To secure the payment of this last sum, a deed of trust was made by Ammondson to Snowhook, on the 28th of September, 1876, securing his promissory note for that amount, due in three years, with interest at the rate of ten per cent per annum, payable semi-annually, and the former trust deed securing $2000 was released, and the whole indebtedness was secured in its payment by the $3000 note and trust deed. This trust deed was foreclosed by sale, under the power contained therein, of the property, which was bid in by Mrs. Ryan for $2500, in October, 1880, and in January, 1881, a deficiency judgment for the unpaid remainder of the note was entered by confession, for the sum of $2597.50, against Ammondson. On this judgment a creditor's bill was filed by Mrs. Ryan, in 1882, to set aside a conveyance of certain property made by Ammondson to his wife in 1877, as made without considera- tion and in fraud of creditors, and to subject the property so conveyed, to the satisfaction of the judgment. To this bill an answer was filed by Ammondson, and also a cross-bill, charging that the note secured by the trust deed was tainted

with usury; that Ammondson was lulled into security by Mrs. Ryan, and had no notice or knowledge of the sale under the trust deed, and that the sale was fraudulent, and that the premises conveyed by Ammondson to his wife was their homestead; and it was sought by the cross-bill to redeem from the foreclosure, to set aside the judgment by confession, and to have an accounting. Upon the final hearing the court dismissed the cross-bill for want of equity, and a decree was entered setting aside the conveyance from Ammondson to his wife, and subjecting the property to the satisfaction of the judgment. The decree was affirmed by the Appellate Court for the First District, and an appeal taken to this court.

Messrs. J. P. & T. R. WILSON, for the appellant:

It was clearly erroneous to order appellant's homestead to be sold under the execution for the satisfaction of appellee's judgment, without any regard or reference to the homestead rights of appellant in the same.

The $3000 note, secured by deed of trust, was tainted with usury. The commissions paid to the lender's agent were usury. *Payne* v. *Newcomb*, 100 Ill. 611.

The foreclosure sale without notice to appellant was fraudulent, after he was lulled into security. *Rounsavel* v. *Crofoot*, 4 Bradw. 671; *Webber* v. *Curtiss*, 104 Ill. 309.

The judgment by confession being for too much, should have been reversed, and permission given to redeem.

Messrs. GOGGIN & COLBY, for the appellee:

The court does not decree the sale of the homestead, as is claimed. The decree only sets aside the deeds conveying the property to the appellant's wife, and directs that the sheriff proceed and sell the lands on the execution issued on the judgment at law.

Section 10 of the Homestead act provides the manner in which the homestead is to be preserved to the debtor on sale

on execution, and the decree in this case can in no manner affect the sale on the execution.

The case referred to as holding there is usury, differs from the present materially. The payment of a commission to a loan agent procuring a loan for the debtor, is not usury. *Kihlholz* v. *Wolf*, 103 Ill. 362.

The third point made by counsel for appellant is, that there was no notice given to Ammondson of the sale by Snowhook under the power in the trust deed. The deed of trust provided that if default was made in the payment of the note, or any part of it, according to its tenor and effect, or if default should be made in the payment of taxes or assessments, then, on application of the holder of the note, the trustee should advertise and sell the property. Every condition in the deed of trust had been broken before it was foreclosed by the trustee. Personal notice of the foreclosure was therefore not necessary. *Princeton Loan and Trust Co.* v. *Munson*, 60 Ill. 371; *Marston* v. *Brittenham*, 76 id. 611.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

It is insisted the court erred in decreeing the sale of appellant's homestead to satisfy the judgment. It is a mistake to suppose that the sale of the homestead was decreed. The decree only sets aside the conveyance to the wife, and directs that the sheriff proceed to sell the lands on the execution issued upon the judgment. In making the sale on execution, the sheriff will, as in the case of any other sale under execution, take the steps for preserving the benefit of the homestead which are prescribed in the Homestead Exemption act, and the decree herein should in no manner interfere therewith or affect the homestead right. Section 8 of the Homestead act, which is referred to, directing the course to be pursued in the case of the enforcement of a lien in a court of equity upon premises including the homestead, does not apply in this case. This is no case of enforcing a lien, but of removing a

fraudulent conveyance void as to creditors, out of the way of an execution at law.

It is urged that there was usury in the loan. Of the original loan of $2000 it appears that the borrower received only $1900. The remaining $100 was paid to Snowhook,— $50 for passing upon the abstract of title and drawing up the papers, and $50 for two and one-half per cent commission. The note given for $2000 was at ten per cent interest,—the highest legal rate. The borrower did not apply to Snowhook for the loan, and the latter rendered no aid to the borrower in obtaining the loan. Appellee had herself advertised the money for loan, and the borrower made direct application to her, and she herself made the loan. All that Snowhook did upon which to found the charge for commission, was to approve the security. Appellee had loans to make. The mode was, she made the loans herself, and referred the borrowers to Snowhook to approve the security, and the charge for this service had been previously agreed upon between appellee and Snowhook to be two and one-half per cent commission. This would seem, then, to have been the proper debt of appellee, previously contracted, and the amount previously stipulated for between herself and Snowhook, and the payment of it by the borrower was equivalent to that increased amount of interest being obtained by the lender in addition to the highest legal rate of interest, and so usurious, under the decision of this court in *Payne* v. *Newcomb*, 100 Ill. 611. This is all of usury we discover in the transaction. The payment by the borrower for the examination of the abstract of title and making out the papers, was proper. The charge of usury in respect to the additional loan of the $700 we do not find to be established by the evidence.

So far, then, as the original note for $2000 entered into the $3000 note and deed of trust, the amount should be taken to be but $1950 instead of $2000, and only six per cent interest should be computed on the $1950. The result which

follows is, not that the trustee's sale or the judgment should be set aside, but only that the judgment should be reduced in amount. The sum for which the property was sold at the trustee's sale was less than the principal of the loan, so that there is no question that the amount which the property sold for was due, and the trust deed gave power to sell the property to satisfy any amount that was due. The sale, then, was rightful, although the full amount of the face of the note might not have been owing, and there is no ground to disturb the sale on the latter account. The judgment is right, except that it is for too large an amount; but it may be corrected in that respect by reducing it to what is justly due after making the proper deduction on account of the usury. There is no need that the judgment be set aside.

The charge of appellant being lulled into security by the appellee, and that the foreclosure sale without notice to the former was fraudulent, we do not find to be supported by proof.

For the error indicated in respect of usury, the judgment of the Appellate Court must be reversed, and the cause remanded for further proceedings conformable with this opinion.

*Judgment reversed.*