# JOHN G. LOBSTEIN

## v.

# ANDREW LEHN ET AL.

1. CONSTRUCTIVE FRAUD—CONVEYANCE SET ASIDE.—In equity, when a security or conveyance is set aside as constructively fraudulent, it may be upheld, in favor of those not guilty of any actual fraud, to the extent of the actual consideration, and be vacated only as to the excess.

2. SAME.—Though A and B in taking an absolute deed which, by a secret agreement between them and the grantor was in fact but a mortgage, were guilty of what as to the creditors may have been a fraud in law,

yet, as they were not guilty of any actual fraud, the decree of the court be-
low that the amount found due A and B be paid to them in full, and out
of the remainder complainant creditor be paid, and giving the usual time
for redemption, was proper.

APPEAL from the Superior Court of Cook county; the
Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed
November 8, 1886.

On August 27, 1885, appellee Lehn conveyed certain real
estate to appellees, Helmont Kasch and Arie Van Deursen, by
absolute warranty deed, for the consideration, as stated in the
deed, of $5,000.

On the same day appellees Kasch and Van Deursen executed
to Lehn the following document:

" To all whom these presents shall come, we, Helmont Kasch
and Arie Van Deursen, both of the county of Cook and State
of Illinois, send greeting :

" Whereas, Andrew Lehn and Caroline Lehn, his wife, of
the city of Chicago, in the county and State aforesaid, did by
their trust deed bearing date the 27th day of June, 1882,
convey and warrant to John C. Schumacher (Andrew Rehm,
successor in trust) the following described real estate, to wit:

Lots one (1) and two (2) in block thirty-two (32), in the sub-
division by the city of Chicago, of section nineteen (19),
township thirty-nine (39), north, range fourteen (14), east of
the third (3d) principal meridian, with the buildings and im-
provements thereon, in Cook county, Illinois, to hold in trust
for the purpose of securing to the "Abe Lincoln Loan, Build-
ing and Homestead Association, of Chicago, Illinois," of the
sum of two thousand (2,000) dollars, in weekly installments,
with interest thereon at the rate of five (5) per cent. per
annum, as will more fully appear by the said trust deed,
which was on the 24th day of July, A. D. 1882, recorded in
the recorder's office of said Cook county, in book 1254 of
records, on page 123.

And, whereas, said Lehn and wife did afterward, by their
trust deed, bearing date the 26th day of December, A. D.
1883, convey and warrant to John C. Schumacher (Andrew

Lehn, successor in trust) said above described premises, to hold in trust for the purpose of securing the payment to said association of the sum of one thousand (1,000) dollars in weekly installments, with interest thereon at the rate of five (5) per cent. per annum, as will more fully appear by said deed, which was on the 27th day of December, A. D. 1883, recorded in said recorder's office, in book 1432 of records, on page 191.

And whereas, said Lehn and wife did afterward, by their trust deed bearing date January 12, A. D. 1884, convey and warrant to John C. Schumacher (John Webber, successor in trust) said above described premises, to hold in trust for the purpose of securing the payment of the said note of the said Andrew Lehn, bearing date last aforesaid, for the sum of five hundred (500) dollars, payable to the order of Henry Scherer, three (3) years after date, with interest thereon at the rate of seven (7) per cent. per annum, as will more fully appear by said trust deed, which was, on the 16th day of January, A. D. 1884, recorded in said recorder's office, in book 1417 of records, on page 255.

And, whereas, said Lehn and wife did afterward, by their trust deed, bearing date the 20th day of August, A. D. 1884, convey and warrant to James H. Van Vlissingen (Arthur Van Vlissingen, successor in trust), said above described premises, to hold in trust for the purpose of securing the payment of the two (2) notes of the said Andrew Lehn, each for the sum of two hundred and fifty (250) dollars, both bearing the date last aforesaid and payable three (3) years thereafter, with interest thereon at the rate of six per cent. per annum, payable semi-annually, one payable to the order of said Helmont Kasch, and the other payable to the order of Helmont Kasch and Arie Van Deursen, all of which will more fully appear by said trust deed, which was on the 29th day of October, A. D. 1884 recorded in said recorder's office, in book 1590, of records, on page 100.

And, whereas, said Andrew Lehn was, on this 27th day of August, indebted as follows:

Upon the $2,000 loan from the Abraham Lincoln Associa-

tion: For dues unpaid, $20; for interest unpaid, $8.34; for fines unpaid, $3.

Upon the $1,000 loan from the Abraham Lincoln Association: For dues unpaid, $12.74; for interest unpaid, $4.17; for fines unpaid, $2.62.

Upon the $500 payable to Scherer: For interest due and unpaid, $52.50.

Upon the two $250 notes payable to Kasch, and Kasch and Arie Van Deursen: For interest due and unpaid, $30.49; to county treasurer for taxes and assessments on said premises for 1884, $49.43; to Helmont Kasch, for balance of old account, $475; total, $658.29.

And, whereas, we have this day elected to declare the whole of the principal and interest on said notes due and unpaid, in accordance with the provisions of said trust deed contained; and, whereas, said Andrew Lehn has this day made a proposition that we pay said several indebtednesses now due and unpaid, and advance to him the further sum of two hundred and fifty (250) dollars, and take from himself and wife a warranty deed of said premises, and that we take possession of said premises and collect the rents and pay all the debts secured by said above described trust deeds as fast as they become due, with the agreement that in case we sell said premises, we shall render to said Andrew Lehn, or his heirs, administrators or legal representatives, the balance of the consideration money so received, after first deducting all sums paid or laid out by us, or either of us (over and above the amount received as rent for said premises), in the payment of said sums of money now due and hereafter to become due, and in the payment of all necessary costs, commission for renting or selling, costs of repairs and other expenses, taxes and attorney's fees, together with interest at the rate of 6 per cent. per annum on all sums of money so now or hereafter to be laid out by us, or either of us.

Now, therefore, said Lehn and wife have (in pursuance of said proposition) by their deed, bearing date this 27th day of August, A. D. 1885, for the express consideration of five thousand (5,000) dollars conveyed to us and the survivor of

us (as joint tenants and not as tenants in common) in fee sim-
ple, all of said above described premises.

And we do hereby admit the consideration actually paid to
us by the said Lehn for said equity of redemption so conveyed
to us, to be the amount following:

Amount of principal of the $250 notes to-day declared
due, $500; amount of sundry indebtednesses as above sched-
uled this day paid by us at his request, $658.29; cash this day
in hand paid him, $250; amount allowed by him to cover at-
torney's fees and the cost of this transfer, $50; total, $1,458.29.

And we, Helmont Kasch and Arie Van Deursen, do each of us
hereby declare that it is mutually understood and agreed between
said Lehn and each of us, that we, Helmont Kasch and Arie
Van Deursen and the survivor of us, shall enter into and take
possession of said premises, and every part thereof, and that
we shall place tenants thereon, and collect all rents and profits
arising therefrom; that we shall make all necessary repairs
and pay for the same; that we shall pay all taxes and assess-
ments that shall be legally levied on or assessed against said
premises; that we shall pay each and every installment of the
indebtednesses secured by the trust deeds above described, as
fast as the same shall become due, provided, however, if we
shall sell said premises subject to said incumbrances, as here-
inafter provided, we shall not, after said sale, be compelled to
continue said payments; that we shall offer said premises for
sale; that if we secure a purchaser who shall offer such a price
and upon such terms for the purchase of said premises as the
said Andrew Lehn shall declare to us, in writing, to be satis-
factory to him, we shall convey to such purchaser said prem-
ises by a good and sufficient warranty deed. And after first
deducting the amount of rents received from the total sum of
the moneys heretofore advanced to the said Andrew Lehn, or
heretofore paid or laid out as above provided, together with
costs for repairs, commission of agent selling or renting, and
attorney's fees, and the interest at the rate of six (6) per cent.
per annum upon the sum so before that time advanced, paid,
laid out by us, or either of us, the balance so obtained shall
then be deducted from the consideration paid by said purchaser,

Lobstein v. Lehn.

and the remainder shall be paid to said Andrew Lehn, his heirs, administrators or legal representatives.

Provided, however, that if the said Andrew Lehn, his heirs, administrators or legal representatives, shall neither of them, within five years from the date hereof, consent in writing to any offer we, or the survivor of us, shall receive from any such purchaser, then we, or the survivor of us, shall, after the expiration of the said period of five years, have full power and authority to sell for such price and upon such terms as shall to us or to the survivor of us, seem advisable, rendering, however, the remainder of the purchase money, so as aforesaid obtained, to said Andrew Lehn, his heirs, administrators or legal representatives, the same as though they, or some of them, had consented in writing.

It is understood that wherever the word "we," is used in this instrument, it shall be taken to mean Helmont Kasch and Arie Van Deursen and the survivor of them.

In witness whereof, we have hereunto set our hands and seals this 27th day of August, A. D. 1885.

(Signed)                    HELMONT KASCH.     [SEAL.]
(Signed)                    ARIE VAN DEURSEN.  [SEAL.]

Acknowledgment taken before J. H. Van Vlissingen, August 27, 1885.

Appellant filed his bill of complaint on September 25th, alleging that said Lehn became indebted to complainant in May, 1884, in the sum of $400; that a judgment had been recovered for said sum and interest on Sept. 9, 1885, and execution issued thereon and returned by the sheriff after proper demand being made thereon, no property found; that at the time of the making of the deed of the real estate above mentioned from Lehn to Kasch and Van Deursen, said Lehn was indebted to different parties in a large amount; that said deed was made without consideration and with intent to hinder, delay and defraud complainant and other creditors; that said deed of said real estate was made upon a secret trust and with the design that the same should be held, and that the grantees should assist him in delaying, defrauding and hindering complainant and other creditors. Complainant prays that the deed

be declared null and void and be delivered up and canceled and the record thereof vacated, and the land ordered sold, and complainant's judgment paid, etc.

Kasch and Van Deursen answer, that they took the deed of the said real estate subject to the liens upon it, upon the trusts set forth in the agreement in writing executed by them to said Lehn, and set out in full heretofore. That they took in good faith under said agreement, and with no intent to hinder or delay creditors, but to assure to said Lehn the balance, if any, which might be realized after paying the liens upon the property and the indebtedness to them.

The agreement in writing was never recorded, and it appears from the evidence that Lehn requested that it should not be· The court decreed that the property should be sold by the master, and the amount due Kasch and Van Deursen, as found under the terms of the written agreement, paid them in full, and out of the remainder complainant's judgment should be paid, and the usual period of redemption was given. Complainant appeals to this court.

Mr. THEODORE H. SCHINTZ, for appellant; that the court erred in treating the deed as merely constructively fraudulent, and allowing it to stand as security for the claim of the defendants provided for by the declaration of trust, cited Mackie v. Cavins, 15 Am. Dec. 489; McClurg v. Lecky, 23 Am. Cases, 64; Grover v. Wakeman, 11 Wendell, 187; Goodrich v. Downs, 6 Hill, 438; Barney v. Griffin, 2 Comst. 371; Hyslop v. Clarke, 14 Johns. 458; De Beerski v. Page, 36 N. Y. 537; Miller v. Tollison, 14 Am. Dec. 712.

No matter what form the conveyance took, whether that of a mortgage, a sale with a right of redemption, or otherwise, " if one of the purposes of making it was to put the property out of reach of the mortgagor's (or grantor's) creditors, although the principal purpose was to secure a *bona fide* debt of the mortgagor (or grantor), it is nevertheless void as to his creditors:" 1 Jones on Mortgages, 3d Ed. 627; Crowninshield v. Kitbridge, 7 Met. 520; Hansen v. Dennison, 7 Bradwell, 73; Boies v. Henney, 32 Ill. 131; Reed v. Noxon, 48 Ill. 323.

Where an assignor prefers a creditor in such form that

Lobstein v. Lehn.

there issues out of the preference a benefit to himself, the assignment is void : Elias v. Farley, 3 Keyes (Ct. of Appeals N. Y.) 398 ; Tickner v. Wiswall, 9 Ala. 305 ; Mead v. Coombs, 19 N. J. Eq. 112; Moore v. Payne, Ala. 444.

Mr. HUGH L. BURNHAM, for appellees; cited Flagg v. Foster, 2 Sumner, 533.

A deed, though absolute on its face, given to secure a pre-existing debt, will be considered a mortgage as to other creditors : DeWolf v. Strader, 26 Ill. 225; Taintor v. Keys, 43 Ill. 332; Sutphen v. Cushman, 35 Ill. 186.

Malice, fraud, covin, collusion or guile are necessary elements to make up the intent or purpose to delay, hinder, or defraud creditors, and they must be entertained by both parties to the deed : Axtell v. Cullen, 3 Bradwell, 530 ; Sackett v. Mansfield, 26 Ill. 27 ; Myers v. Kinzie, 26 Ill. 39 ; Hessing v. McCloskey, 37 Ill. 352.

A fraudulent intent on the part of the mortgagor alone will not vitiate the instrument : Herkelrath v. Stookey, 63 Ill. 486; Miller v. Kirby, 74 Ill. 242; Mathes v. Dobschuetz, 72 Ill. 440; Hatch v. Jordan, 74 Ill. 414.

MORAN, J. We have examined the record with care, and while we are satisfied that there was *bona fide* due to Kasch and Van Deursen the amount allowed to them by the written agreement, at the time the absolute deed was made, we are not able to conclude that they at that time knew or were informed or put on notice that Lehn owed any other debts. Lehn, it is true, said that he owed a little debt, and Kasch and Van Deursen gave him in cash some $233 to pay such debt. Kasch and Van Deursen appear to have acted in good faith, with the honest intention of securing their claim, and so managing the real estate that Lehn might realize something out of it after the payment of the debts which were liens upon it, and with no intention to aid him to hinder or delay complainant or any other creditor. They were guilty of no actual fraud, though in taking an absolute deed, which, by a secret agreement between them and the grantor, was in fact but a mortgage, they

were guilty of what, as to the creditors, may have been a fraud in law—a constructive fraud.

But in such case the rule in equity is that when a security or conveyance is set aside as constructively fraudulent, it may be upheld, in favor of those not guilty of any actual fraud, to the extent of the actual consideration, and be vacated only as to the excess.   Phelps et al. v. Curts et al., 80 Ill. 114, and cases there cited.

The decree of the court below was, in its result to the par_ ties in interest, in accordance with this rule, and where justice is achieved by the decree, a mere technical error will not authorize a reversal.

Judgment affirmed.