WILLIAM HARDER ET AL.

v.

CHARLES ROHN.

*Creditor's Bills—Fraudulent Conveyance to Debtor's Wife—Laches.*

1. Upon a bill filed to subject certain real estate to the payment of a judgment obtained against a married man, the same having been conveyed by himself and wife to a third party, who in turn conveyed it to the wife, this court holds, in view of the evidence, it being claimed that the premises were a homestead, and bought with the wife's money, that the amount of money so invested by her should be ascertained, and that to such extent, in addition to $1,000 for the homestead, if the premises should be sold, she is entitled to be paid, but without interest.

2. Should property in such case be sold, the homestead may be claimed under the statute at the sale.

3. This court holds that no *laches* is imputable to the plaintiff in suffering several years to elapse before attempting to assail the validity of the conveyance in question.

[Opinion filed December 7, 1891.]

IN ERROR to the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. HIRAM BARBER, for the plaintiffs in error.

Mr. J. S. HUEY, for defendant in error.

GARY, J.   February 8, 1888, Rohn recovered in the Superior Court a judgment against William Harder for $892 and costs, and execution therein being returned *nulla bona*, he filed the bill in this case, the object of which is to subject to the satisfaction of that judgment some real estate which William and his wife, Bertha, conveyed to one Schroeder in 1876, and which Schroeder conveyed to her in 1885.   The decree appealed from ordered a sale of the property to pay the judgment.

In their answer the plaintiffs in error claimed that the premises were bought with her money, and also that they were a homestead.   As to the latter claim, while if, as it is not made definite which part they so claim, it may be good to that part, or to the extent of $1,000 in the value of that part, it can not be good for the whole.   The premises are fifty feet front on Wells street, with two houses on them, stores below and dwellings above.   The homestead, however, may be claimed, under the statute, at the sale.   Ammondson v. Byan, 111 Ill. 506; Asher v. Mitchell, 92 Ill. 480.

The proof is rather vague, though perhaps if that were the only question, it might be deemed sufficient, that the indebtedness upon which the judgment was rendered existed before the conveyance to Schroeder, and it is quite clear that if that conveyance was not merely to defraud creditors of William Harder, the only honest purpose in making it was as some security to Schroeder for indebtedness of William Harder to

him.   The property in the latter case belonged to William Harder, subject to the incumbrance, and in the former, was wholly subject to the claims of the creditors of William Harder, and in neither case would a conveyance without consideration, by Schroeder to Bertha Harder, screen the property from the claims of the creditors of her husband.

There is, however, proof in the record that after the "Married Woman" law of 1861 went into effect, she received from the estates of deceased relatives in Germany, amounts of money which went, directly or indirectly, into the purchase of these premises.   What money of hers so went should be ascertained, and to that extent, next after the $1,000 for the homestead, if the premises should be sold, she is entitled to be paid (Phelps v. Curts, 80 Ill. 109; Lubstein v. Lehn, 20 Ill. App. 254), but without interest.   She put the money into the property to enjoy the property, not to draw interest.   It is probable that the error in not giving her that preference is of no practical consequence, as the value of the premises must doubtless be more than enough to pay her and the homestead claim, as well as the defendant in error.

No *laches* in seeking his remedy is imputable to him.   The decree is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*