WASHINGTON QUINN *et al.*

*v.*

THE PEOPLE, for use of Saline County.

*Filed at Mt. Vernon May 8, 1893.*

1. CREDITOR'S BILL—*essential averments.* All that is required to be alleged in a creditor's bill to set aside a fraudulent conveyance made by one of several defendants, to show the legal remedy has been exhausted, is, that executions have been issued upon the judgment against each of the defendants therein, and duly returned no property found. By such allegation and proof the insolvency of the judgment debtors, and each of them, is established, for the purpose of the bill.

2. SAME—*setting aside fraudulent conveyance—setting off homestead.* If a judgment debtor makes a fraudulent conveyance of his land, including his and his wife's homestead, to defeat the collection of the judgment, and the deed is declared fraudulent as to creditors, and the land is ordered to be sold, it is proper to direct the master to set off the homestead. In such case the debtor's deed will be good as to the part set off for a homestead, as against the decree, though void as to the principal estate.

3. SAME—*necessary parties—judgment debtors.* A judgment debtor is a necessary party to a creditor's bill to set aside a fraudulent conveyance, only when the deed of conveyance sought to be avoided contains covenants of warranty.

4. On bill by a judgment creditor to set aside a fraudulent deed made by one of the judgment debtors, his co-defendant in the judgment, who is in no way connected with the fraudulent conveyance, and has no legal interest, directly or indirectly, in the result of the litigation, is not a proper, much less a necessary, party to the bill.

5. RECOGNIZANCE—*sureties estopped to assert irregularities in the arrest and prosecution.* Where, after reversal of a judgment of conviction in a criminal case, the record shows that the cause was in fact redocketed, and that the defendant and his sureties appeared in open court and entered into recognizance, the cognizors will thereby waive all notice and a formal order re-instating the case, and can not afterward be heard to question the validity of the recognizance for want of such preliminary steps being taken.

6. SAME—*judgment can not be attacked collaterally.* A judgment can not be attacked in a collateral proceeding for mere errors or irregularities in the proceeding in which it was obtained. This applies to judgments on recognizance.

7. SAME—*jurisdiction of circuit court.* The circuit court has jurisdiction of the subject matter of taking recognizances of persons charged with crime, and when one so charged is before that court, no matter how he came there, it will have jurisdiction of his person.

8. JURISDICTION—*by consent.* A party can give jurisdiction of his person to a court having jurisdiction of the subject matter, by consent, in cases civil or criminal.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Jefferson county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Messrs. LEONARD & BURTON, for the appellants:

The opinion of the Appellate Court in this case is not sound in this:

*First*—It disregards the law giving married women their separate property rights as against the husband, holding the decree of the trial court was right which cast back upon Washington Quinn the homestead which he had conveyed to his wife, Mary Quinn, as a fraudulent and void conveyance.

*Second*—It disregards the rights of personal liberty of the citizen, in saying that one not arrested upon view, and not surrendering his right of liberty, may be held to bail to obtain his liberty, when there is no charge preferred against him.

*Third*—We reiterate our denial of there being any right, either at common law or under statute, to hold, require bond

or re-try the defendant in'this case after it had been held to be an unlawful proceeding by this court, except as provided by the common law in such case, which would require a new charge preferred.

*Fourth*—The pretext of the Appellate Court, that where a case is overruled by this court the defendant may be re-tried without any notice to the prisoner, as provided by section 384 of the Practice act, (Starr & Curtis,) or through neglect of the State's attorney he might be held in custody a great length of time, is without point, as the law gives relief against any and all illegal restraint of one's liberty, and for these additional reasons the decree of the court below should be reversed.

The bill was bad because James Quinn, one of the sureties on the bond, was not made a party. The bill fails to allege that he is insolvent. Unless all the bondsmen are insolvent, by the face of the bill it is bad. Without such allegation no evidence of such fact could be heard. *Manufacturing Co.* v. *Ballou*, 71 Ill. 417; *Westlake* v. *Horton*, 85 id. 228; *Vogel* v. *Ripper*, 34 id. 100.

If any one of these sureties is solvent, then there is a complete remedy in law, and this bill should not have been entertained on demurrer being filed. *Gore* v. *Kramer*, 117 Ill. 176; *Puterbaugh* v. *Elliot*, 22 id. 157; *Coughron* v. *Swift*, 18 id. 414; *Peoria* v. *Kidder*, 26 id. 351; *Biglow* v. *Andress*, 31 id. 322; *Long* v. *Barker*, 85 id. 431.

Mr. A. W. LEWIS, and Mr. WILLIAM H. GREEN, for the appellee:

In order to have an adverse ruling on demurrer reviewed by the Appellate Court, the demurrant must stand by his demurrer. *Lullman* v. *Barrett*, 18 Ill. App. 573.

It is too late to object that complainant had an adequate remedy at law, after answer made. *Chicago* v. *Cameron*, 22 Ill. App. 91.

It does not matter how the prisoner came before the judge. It is sufficient if he appears by his sureties and enters into recognizance. *Mix* v. *People*, 26 Ill. 32.

In this case, John Quinn voluntarily came into open court, and he and his sureties were recognized by the judge. Under the above decisions it is binding, and can not now be denied. *Kepley* v. *People*, 123 Ill. 367; *Mooney* v. *People*, 81 id. 134.

No order of the court fixing bail or redocketing was necessary to the validity of a recognizance voluntarily entered into. All formal objections to the validity of a record of a forfeited recognizance, and judgment rendered thereon, came too late in this court. *Shattuck* v. *People*, 4 Scam. 477; *Chumasero* v. *People*, 18 Ill. 405; *People* v. *Witt*, 19 id. 169.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an appeal from a judgment of affirmance by the Appellate Court for the Fourth District. The following statement of the case by SAMPLE, J., sufficiently presents the questions raised for decision in this court:

"The appellee filed its bill in chancery against appellants, to set aside certain deeds made by Washington Quinn to the other defendants. It appears that one John Quinn was indicted by the grand jury of Saline county for grand larceny. On the 19th day of March, 1888, he gave recognizance, in open court, for his appearance at the succeeding term, with Washington, James T. and George G. Quinn as his sureties. John Quinn not appearing at the following term of court, his recognizance was forfeited, and final judgment entered thereon on the 13th day of March, 1889, for the sum of $1500 and costs. Thereafter executions were issued on said judgment and returned not satisfied, whereupon proceedings were taken to set aside certain deeds, which, it is alleged, were filed of record after the entering into of said recognizance, whereby Washington Quinn fraudulently conveyed his lands to certain

of his children, all of whom, together with the wife of Washington Quinn, are made parties defendant. The prayer of the bill is, that said lands be made subject to execution to be issued on said judgment, or that the court decree that so much of said premises be sold as may be necessary to satisfy said judgment, and for general relief. A demurrer to the bill was overruled, and the bill was then answered by the defendants, alleging the validity of the deeds. The answer further sets up as a defense that sufficient real estate had been levied upon to satisfy said judgment, and that there was no criminal charge of any kind presented against John Quinn, nor was there any record of any indictment having been returned in open court against him, upon which it is supposed he was required to give bail.

"Issue was joined, and the cause heard by the court. A decree was entered in favor of the complainant, setting aside the deeds and directing the master in chancery to sell the lands to satisfy said judgment and costs, in case the same was not satisfied by payment by Washington Quinn within a certain time fixed in the decree; that said money should be paid by the master, in case of sale, to the State's attorney of Saline county, and the residue, if any, should be paid to Washington Quinn; that in making such sale the master should be governed by the rules applicable to such sales in dealing with the estate of homestead, which the court found to be in Washington Quinn as to certain real estate that had been so fraudulently conveyed by him."

It is first insisted by counsel for appellants, that the circuit court erred in refusing to sustain a demurrer to the bill of complainant, because James T. Quinn, one of the securities on the recognizance and a defendant in the judgment thereon, which is made the basis of complainant's claim, was a necessary party to the bill. This position is untenable. No relief whatever is sought against James T. Quinn in this proceeding. He was in no way connected with the alleged fraudulent con-

veyance, and therefore has no legal interest, directly or indirectly, in the result of this litigation. It has been held that a judgment debtor is a necessary party to a creditor's bill to set aside a fraudulent conveyance; but this is only so when the deed of conveyance sought to be set aside contains covenants of warranty. (*Spear* v. *Campbell et al.* 4 Scam. 424; *Johnson et al.* v. *Huber*, 134 Ill. 511.) It is a matter of indifference to James T. Quinn whether the conveyance here in question be sustained or not. He was not a proper party to the bill, much less a necessary one.

But it is said, it was necessary for the complainant to allege the insolvency of James T. Quinn, as well as each of the other defendants to said judgment. In other words, using their own language, "if any one of these sureties is solvent, then there is a complete remedy in law, and this bill should not have been entertained on demurrer being filed." This point must have been made under a misapprehension as to the averments made in the bill. It is there expressly alleged, "that, aside from the lands hereinafter mentioned and described, the said John Quinn, Washington Quinn, James T. Quinn and George G. Quinn are each insolvent."

It is also alleged that executions had been duly issued upon said judgment against each of the defendants thereto, and duly returned no property found. This was all the judgment debtor was required to aver and prove in order to show that it had exhausted its legal remedy. By such allegation and proof it did, for the purposes of maintaining this bill, establish the insolvency of the defendants to said judgment, and showed, *prima facie*, that it had exhausted its legal remedy. (*Manchester et al.* v. *McKee*, 4 Gilm. 511.) In our view of the case it is unnecessary to determine whether or not the bill is one which could be maintained without an averment and proof that the remedy at law had been exhausted, because, as we understand the record, there is, within the meaning of the law, both allegation and proof of that fact.

It appears that, upon the hearing, appellee offered in evidence the record of the circuit court of Saline county, showing the entering into the recognizance upon which judgment was afterward entered, as alleged in the bill, and appellants objected thereto, for the reason that it did not show that after the reversal of a judgment of conviction against said John Quinn by this court, and the remandment of the cause, the circuit court had ordered the redocketing of the case, or that said John Quinn or his attorney had been notified of an intention to redocket the same. That objection was overruled, and it is now insisted that said record was improperly admitted in evidence. If it be conceded that the statute requiring notice and an order redocketing a case in the trial court after remandment by this or the Appellate Court is applicable to criminal cases, still the objection here urged is without force, for the reason that the record does show that the case was in fact redocketed, and that the defendant, John Quinn, with his said sureties, appeared in open court and entered into said recognizance. By so doing he waived all notice and a formal order re-instating a case, if such notice and order were necessary. Neither he nor his sureties could afterwards be heard to question the validity of the recognizance for want of such preliminary steps in the case. "The law clothes the judge with jurisdiction of the subject matter, and when the prisoner was before him, no matter how he came there, he had jurisdiction of his person, and then his jurisdiction was complete." *Mix* v. *The People,* 26 Ill. 32.

*Harris* v. *The People,* 128 Ill. 585, in no way conflicts with what is here said. The defendant and his sureties, by voluntarily appearing in open court and entering into bond for his appearance at a future time, did not, in any sense, attempt to confer jurisdiction upon the court of the subject matter, or to change the mode of trial authorized by law. That a party can give jurisdiction of his person to a court having jurisdiction of the subject matter, by consent, in cases civil or crimi-

nal, is so clear that it admits of no argument. Moreover, the judgment rendered upon the recognizance, which is the basis of this proceeding, can not be attacked collaterally. No principle is better settled than that a judgment can not be attacked in a collateral proceeding for mere errors or irregularities in the proceeding by which it was obtained. We entertain no doubt as to the correctness of the ruling of the circuit court upon the admissibility of the record objected to.

The decree of the circuit court found that Washington Quinn had an estate of homestead to the extent of $1000 in the lands found to have been fraudulently conveyed, and directed the master in chancery, in making the sale ordered, to proceed in accordance with the law in relation to the homestead estate. Counsel for appellants contend that the effect of this decree is to take the homestead so found in Washington Quinn, from his grantee, and force it back upon him. Such is not the scope of the decree. When the homestead is set off the conveyance will, under this decree, be good as to it, though fraudulent and void as to the remainder of the premises. It was clearly right to order the master in chancery, who was directed to make the sale, to set off the homestead. (*Cummings et al.* v. *Burleson et al.* 78 Ill. 281.) It would have been his duty, under the terms of the decree, to do so without specific directions. *Ammondson* v. *Ryan,* 111 Ill. 506; *Mitchell et al.* v. *Sawyer et al.* 115 id. 650.

Some other grounds of reversal are urged in the brief and argument of counsel for appellants, filed in the Appellate Court and re-filed here, but we do not consider them tenable. They were properly overruled, for the reasons stated in the opinion of the Appellate Court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*