Lloyd La Sha, Appellee, v. Albert W. Benham et al.,
Appellants.

Gen. No. 8,757.

Opinion filed May 10, 1934.

C. A. Pedderson, for appellants.

Wm. Biester, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

Lloyd La Sha filed his bill in the circuit court of Boone county in aid of an execution and discovery.

The bill in substance charges that the complainant was a judgment creditor of Albert W. Benham, for the sum of $3,422.50; that previous to the rendition of his judgment, Albert W. Benham and Florence L. Benham, his wife, were the owners as joint tenants, and not tenants in common, of Lot 20, Block 6, of Rowan Brothers Addition in the City of Belvidere; that on February 13, 1931, while the said judgment was remaining in full force and effect, the said Lloyd La Sha, for the purpose of obtaining satisfaction on the said judgment caused a writ of *fieri facias* to be issued and delivered to the sheriff of Boone county, the same being the county where Albert W. Benham resided and where said real estate is situated; that said writ was in the usual form commanding the sheriff of said county that out of the goods, chattels, lands and tenements of said Albert W. Benham he should be caused to be made the sum of the amount of said judgment with interest and costs thereon; that he should make a true return thereon within 90 days of the date thereof.

The bill further charges that said Albert W. Benham, during said period of 90 days, had no goods, chattels, lands, or tenements which the sheriff could find, out of which the amount of such judgment, interest, and costs could be made, or any part thereof. The said writ of *fieri facias* was not satisfied in whole or in part but it was returned "not satisfied"; that prior to the rendition of said judgment, but after the indebtedness upon which the same was rendered had accrued, to wit, December 24, 1930, the said Albert W. Benham and Florence Benham, his wife, made their deed to the Blackhawk Finance Corporation, and thereafter on February 9, 1931, the said Albert W. Benham caused said deed to be recorded in the recorder's office of said Boone county in Book 83 of Deeds, on page 510. It is alleged that the conveyance was made with the intention of defrauding the complainant and other

creditors; that the said premises are now held by the Blackhawk Finance Corporation for the use and benefit of Albert W. Benham, for the purpose of preventing the sale of the same under and by virtue of the aforesaid execution; that said premises have been occupied by Albert W. Benham and his wife, rent free by an understanding that so long as the property belongs to the Blackhawk Finance Corporation, the Benhams should occupy the same without paying any rent therefor. The bill further charges that Albert W. Benham is of no pecuniary responsibility; that he has no property; that the Blackhawk Finance Corporation is a corporation without any assets and merely acting as a paper title holder; that Albert W. Benham has no other property liable under a levy and execution sale; that the judgment of the complainant still remains in full force and effect, unreversed and unsatisfied.

The bill charges that the Blackhawk Finance Corporation was organized in December, 1930, in the State of Delaware, and was admitted to do business in the State of Illinois; that said corporation was engaged in active business for only a short period, and received deposits of money from Albert W. Benham to place the money beyond the reach of his creditors; that Florence L. Benham is the wife of Albert W. Benham; that said corporation was the mere creature of Albert W. Benham, and he was virtually the one that owned the property; that when Florence L. Benham made a transfer of her interest in said premises she was in reality transferring the interest in the same to her husband, but in the name of the corporation; that said premises so far as Florence Benham was concerned should be impressed with a trust in said husband as his property, and in trust for the complainant as his creditor and should be subject to the levy of the complainant's judgment; that said prop-

erty should be declared to be the property of Albert W. Benham and subject to an execution. The bill further charges there are divers persons who are indebted to Albert W. Benham; that he holds divers securities and other personal property which ought to be applied to the payment of the complainant's judgment; that Albert W. Benham is the owner of some interest of some kind or character of personal property, or real estate, chattels, etc., which cannot be discovered and are being held by other persons or corporations; that if the said Albert W. Benham has made any assignment of his property other than the premises in question, that such transfer, sale, or assignment is merely colorful to place the property beyond the reach of the complainant. The bill asks a full and complete discovery of such property and effects and things in action belonging to defendant, A. W. Benham, and a complete discovery of all interest of any kind or character which he may possess. It charges that the said Benham has property with equitable interests and effects of the value of $300,000, which the complainant has been unable to reach; and that David B. Beatson, George C. Wilson, Florence L. Benham and the Blackhawk Finance Corporation, have property in their possession belonging to Albert W. Benham, the defendant. The bill prays for general and specific relief.

Each of the defendants filed his answer to the bill; the case was referred to the master in chancery to take the evidence and report to the court his conclusions of law and facts. The master heard the evidence and made his findings to which the defendant filed objection. The master overruled the objection and filed his report. By stipulation and order of the court, the objection to the master's report was ordered to stand as exceptions to said report. On a hearing of the case the court overruled the exceptions and ap-

proved the master's report and entered a decree in accordance with the report; that the property should be considered the individual property of Albert W. Benham, and that complainant have execution on said property and sell the real estate by virtue of said execution.

There is no question but that the complainant procured a judgment against Albert W. Benham in the amount of $3,422.50 on February 13, 1931, and that execution was issued thereon and returned not satisfied; that the Blackhawk Finance Corporation was a foreign corporation but authorized to do business in the State of Illinois; that Albert W. Benham and Florence L. Benham, as joint tenants, owned the property in question and conveyed the same to the Blackhawk Finance Corporation by warranty deed. The master by his report found these facts to be true, and also found that Albert W. Benham was engaged in the business of borrowing money; that the complainant Lloyd La Sha began loaning money to Albert W. Benham in December, 1930; that A. H. Benham was rapidly getting in debt and not paying back any money to his creditors from whom he had borrowed it; that Benham and La Sha were friends, but Benham falsely represented to La Sha his business; that Benham and his wife owned the fee to the premises in question as joint tenants, and not as tenants in common, until his wife deeded her interest in the property to Benham for the pretended purchase of stock in the Blackhawk Finance Corporation by making the deed to the Blackhawk Finance Corporation; that Benham kept the deed to the property in question secretly under his control until the 9th day of February, 1931; that the conveyance was made for the purpose of fraudulently hindering and delaying his creditors, among them the complainant; that La Sha had no knowledge of the pretended conveyance of December 24, 1930; that by the apparent and undisturbed ownership of the real estate

in question Albert W. Benham obtained credit from La Sha; that by fraudulent representations he obtained the money in question from La Sha. At the organization of the Blackhawk Finance Corporation the assets of the corporation, the ownership of the shares of stock, the payment for the shares of stock and the entries in the minute-book of the corporation were fraudulent, making it appear that the property in question was a part of its assets.

The master found that the loans of Albert W. Benham to the Blackhawk Finance Corporation were made for the purpose of getting the money which he had out of his name and keeping same from his creditors; that Florence L. Benham, by executing a deed to the real estate in question and conveying it to the Blackhawk Finance Corporation is making a gift of her interest in said real estate to her husband; that Albert Benham and Florence L. Benham on the witness stand disclaiming any interest in the property, and that by the understanding of the parties, a secret trust was reserved for Albert W. Benham; that on January 30, 1931, Albert W. Benham was insolvent, and in order to hinder and delay and defraud his creditors he concealed, sold, and transferred his stock in the corporation; that the Blackhawk Finance Corporation was in reality Benham, and that the court should ignore the corporate existence of said corporation.

The objections filed to the master's report (which were allowed to stand as exceptions to the same in the circuit court) raised the question, whether the evidence supports the findings of the court that the transfer of this property by Albert W. Benham and Florence L. Benham his wife to the Blackhawk Finance Corporation was made for the purpose of defrauding the creditors of Albert W. Benham.

We have examined the record carefully in the case and it is our conclusion that the master properly found that the conveyance in question was made for

the fraudulent purpose of defeating the creditors of Albert W. Benham, and that the court properly overruled the exceptions to the master's report.

The appellants claim that the court erred in granting the relief prayed for, since it is not shown that the grantor was insolvent at the time of the conveyance of the property. We think the evidence fairly tends to show that so far as the defendant's available property was concerned at the time of the conveyance there was none that was subject to execution. The bill charges that the defendant has large sums of money secreted and hidden away so that the sheriff was unable to find it to satisfy the execution. In the case of *Quinn v. People,* 146 Ill. 275, the court in passing upon a case similar to this said: "It is also alleged that executions had been duly issued upon said judgment against each of the defendants thereto, and duly returned no property found. This was all the judgment debtor was required to aver and prove in order to show that it had exhausted its legal remedy. By such allegation and proof it did, for the purposes of maintaining this bill, establish the insolvency of the defendants to said judgment and showed, prima facie, that it had exhausted its legal remedy." Under the allegations and proof of this bill the court properly found that the defendant had no property that was subject to execution.

The appellants contend that the court erred in setting aside the conveyance as fraudulent and not providing a sale subject to the homestead rights of the parties in the real estate. Under the authority of *Quinn v. People,* 146 Ill. 275, 282, we think that this property should be sold subject to the homestead rights of Albert W. Benham. The court in the *Quinn* case, in discussing the sufficiency of a decree in a similar case, uses this language: "The decree of the circuit court found that Washington Quinn had an estate of

homestead to the extent of $1,000 in the lands found to
have been fraudulently conveyed, and directed the
master in chancery, in making the sale ordered, to pro-
ceed in accordance with the law in relation to the home-
stead estate. Counsel for appellants contend that the
effect of this decree is to take the homestead so found
in Washington Quinn, from his grantee, and force it
back upon him. Such is not the scope of the decree.
When the homestead is set off the conveyance will,
under the decree, be good as to it, though fraudulent
and void as to the remainder of the premises. It was
clearly right to order the master in chancery, who
was directed to make the sale, to set off the home-
stead. . . . It would have been his duty, under the
terms of the decree, to do so without specific direc-
tions.'' The case of *Iles v. Heidenreich,* 293 Ill. 291,
follows the *Quinn* case. *Diets v. Hagler,* 309 Ill. 381,
and *Krupp v. Brand,* 200 Ill. 403.

The court in the decree states that, so far as the
complainants are concerned, the property in question
shall be treated as the individual property of Albert
W. Benham and that the complainant may have ex-
ecution on his judgment and sell said premises under
such execution and that the defendants, Albert Ben-
ham and Florence L. Benham, shall be divested of all
right, title or interest to the same except the right
of redemption. The question arises: Does this decree
order a sale of the homestead right of the Benhams?
In the case of *Ammondson v. Ryan,* 111 Ill. 506, the same
question was raised and the court in their opinion
say: ''It is insisted that the court erred in decreeing
the sale of appellant's homestead to satisfy the judg-
ment. It is a mistake to suppose that the sale of the
homestead was decreed. The decree only sets aside
the conveyance to the wife, and directs that the sheriff
proceed to sell the lands on the execution issued upon
the judgment. In making the sale on execution, the

sheriff will, as in the case of any other sale under execution, take the steps for preserving the benefit of the homestead which are prescribed in the Homestead Exemption act, and the decree herein should in no manner interfere therewith or affect the homestead right.''

It is our opinion that this decree does not order the sale of the homestead but that the sheriff in selling the premises under his execution should take such steps as the statute requires to preserve the rights of the defendants' homestead under the execution sale. We find no reversible error in this case and the judgment of the circuit court of Boone county is hereby affirmed.

*Affirmed.*