## Robert S. Iles and Robert D. Martin, Appellees, v. Julius Heidenreich et al., on appeal of Ida M. Heidenreich, Appellant.

### Gen. No. 21,708.

1. JUDGMENT, § 419*—*when dismissal of action is not bar to subsequent suit.* On a creditor's bill alleging that defendant had transferred a master's certificate of sale at a foreclosure sale, the proceeds of which, after redemption, were alleged to be in the hands of the sheriff, a plea that the validity of the transfer attacked had been adjudicated by garnishment proceedings commenced by complainants at law to reach such funds is insufficient, and is properly overruled where it appears from the plea that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

garnishment proceedings were dismissed for want of prosecution, since such a dismissal is not a trial or adjudication of the matters at issue.

2. MUNICIPAL COURT OF CHICAGO, § 7*—*what is nature of act relative to commencement of first-class action.* The Municipal Court Act, par. 4, sec. 28 (J. & A. ¶ 3340), providing that no first-class action shall be commenced in such court unless the defendant, if there be but one, "resides or is found" within the city, relates only to acquiring jurisdiction of the person, and not to that of the subject-matter of the action.

3. MUNICIPAL COURT OF CHICAGO, § 8*—*how jurisdiction of nonresident is acquired.* The Municipal Court Act, par. 4, sec. 28 (J. & A. ¶ 3340), providing that no first-class action shall be commenced in such court unless defendant, if there be but one, "resides or is found" within the city, confers jurisdiction of a nonresident, if "found" within the city, within the meaning of the act.

4. APPEARANCE, § 16*—*when service of process is unnecessary.* Service of process on a defendant is unnecessary where the party appears either in person or by attorney, and jurisdiction of the person is conferred and defects of process and service waived by an appearance without objection, or by pleading to the merits after an adverse ruling on a motion to quash the summons.

5. MUNICIPAL COURT OF CHICAGO, § 8*—*how defendant may be "found" within City of Chicago.* A defendant may be "found" within the City of Chicago, within the meaning of the Municipal Court Act, par. 4, sec. 28 (J. & A. ¶ 3340), relating to first-class cases, by appearing and waiving process.

6. FRAUD, § 85*—*what is effect of withdrawal of demurrer to bill.* A defendant who demurs to a bill charging fraud is not, by withdrawing the demurrer, estopped from later raising the question of fraud, since the demurrer does not admit fraud where the facts alleged do not necessarily amount to fraud.

7. FRAUDULENT CONVEYANCES, § 7*—*when transfer may be impeached as without consideration.* In order to impeach a transfer without consideration, it must appear (1) that it was a voluntary gift; (2) that when made there was an existing indebtedness of the donor; and (3) that the donor did not retain sufficient property to pay his indebtedness.

8. FRAUDULENT CONVEYANCES, § 223*—*what must be shown to establish fraudulent voluntary gift.* In order to constitute presumptive or legal fraud in the case of a voluntary gift, it is necessary both to aver and prove the insolvency of the donor at the time of the gift, and the return of an execution *nulla bona* establishes prima facie insolvency only at the time of its return.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. CREDITORS' SUIT, § 48*—*when judgment creditor's bill to set aside voluntary gift is insufficient.* On a creditor's bill to set aside a voluntary gift by defendant, alleged to be in fraud of complainants, judgment creditors of defendant, the failure of the bill to allege the insolvency of defendant at the time of making the gift is not supplied by an allegation of concealment of other money or its avails, since such allegation is to be construed most strongly against the pleader, and since if such concealment constitutes fraud, it must have been done at the time of the gift, which was not alleged.

10. CREDITORS' SUIT, § 57*—*when judgment creditor's bill to set aside voluntary gift should not be dismissed.* The fact that a creditor's bill seeking to set aside a voluntary gift alleged to be in fraud of creditors is insufficient owing to failure to allege the insolvency of the donor at the time of the gift is not ground for dismissing the bill, where the bill alleges a concealment of his property by defendant, since complainants have still a right to proceed under the bill for a discovery of the property alleged to be concealed.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed November 14, 1916.

FARLIN H. BALL and G. A. BURESH, for appellant.

ROBERT S. ILES and ROBERT D. MARTIN, *pro se.*

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Appellees filed a creditor's bill, afterwards amended, based on a judgment for $1,500 rendered against Julius Heidenreich in the Municipal Court of Chicago. In addition to the usual allegations as to the issuance of an execution and a return *nulla bona* and the concealment and transfer of property that ought to be applied to the payment of the judgment, it alleged that while the action in which the judgment was rendered was pending said Heidenreich received and assigned to his daughter Ida (appellant), without consideration and to defraud complainants and other creditors, a

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

master's certificate of sale in a foreclosure proceeding, which was redeemed, and that Michael Zimmer, the sheriff of Cook county, still held $3,000 of the redemption money out of which the bill sought satisfaction of such judgment.

After withdrawing their demurrers to said amended bill, the Heidenreichs obtained leave to plead double and filed pleas thereto which were overruled and by which they elected to stand. The decree on said bill taken as confessed against them set aside said certificate as fraudulent and void against complainants, the appellees. From that decree Ida Heidenreich prosecutes this appeal.

The pleas went to the jurisdiction of the Municipal Court of Chicago to render the judgment on which the creditor's bill was based, and one of appellant's pleas averred that a garnishment proceeding brought against Zimmer in the Municipal Court before the filing of the bill herein, to reach the fund in his hands, was *res adjudicata* of the question of the validity of the transfer and assignment of said certificate of sale.

The averments of the latter plea were clearly insufficient. After stating the facts pertaining to the institution of such garnishment proceeding by complainants and alleging that their traverse to the garnishee's answer raised an issue as to the character and effect of such transfer and the ownership of such moneys in the garnishee's hands, the plea averred that "said cause was called for trial and said plaintiffs were unable to prove their allegations and said garnishment suit was dismissed on motion of garnishee at plaintiffs' costs and the garnishee discharged," and averred as a conclusion therefrom that the matters and things respecting said transfer and assignment were thus adversely decided against complainants and became *res adjudicata*. It is enough to say on this point that the quoted averment as to the disposition of the garnishment proceeding does not show a trial or adjudication

of the case on its merits but what appears to be simply a dismissal thereof for want of prosecution. A mere dismissal of a suit is manifestly not an adjudication of the matters at issue, and the plea in that respect was properly overruled.

The plea as to want of jurisdiction of the Municipal Court to render the judgment on which the creditor's bill was based, is predicated on paragraph 4, section 28 of the Municipal Court Act (J. & A. ¶ 3340) and upon the averments that said Julius Heidenreich was sole defendant to the suit in which such judgment was rendered and was not a resident of Chicago, and was served with summons outside of its territorial limits, namely, in the Village of Morgan Park, where he then and ever since has resided, and that the official return of service as made in Chicago was due to the officer's mistaken belief that said village had been annexed to the City of Chicago.

Paragraph 4, section 28 of said Act relates to the commencement and prosecution of suits of the "first class," to which the one so brought against Julius Heidenreich belonged. The paragraph so far as pertinent reads:

"Fourth: No suit shall be commenced in the Municipal Court unless the defendant, if there be but one defendant, resides or is found within the City of Chicago."

The point made is that under the alleged circumstances said Julius Heidenreich was not "found" within the City of Chicago when the suit was "commenced."

Allegations of the bill not denied are that in said suit said Heidenreich filed his appearance and written pleading, and appeared and went to trial on the issues. The sufficiency of the plea, therefore, depends upon its failure to meet such allegations. For, notwithstanding Heidenreich's nonresidence and an apparently void service of summons on him, the ques-

tion is whether such state of facts undenied by the plea did not confer the jurisdiction attacked.

It is contended by appellant that while the Municipal Court had jurisdiction to hear and adjudicate upon a contract case involving more than $1,000, like the one brought therein against Julius Heidenreich, yet in view of the quoted language of the Municipal Court Act it did not have jurisdiction of that particular case unless at the very time it was commenced said Heidenreich resided or was "found" in the limits of Chicago; in brief, that residence or being "found" when the suit is commenced relates not merely to the jurisdiction of the person but to the subject-matter of the particular action. We do not so interpret the statute, and the cases cited by appellant are not pertinent. We think the language of the act so quoted relates only to acquiring jurisdiction of the person, which is conferred even on a nonresident if "found" within the limits of Chicago, beyond which of course the process of that court cannot go. (*Wilcox v. Conklin,* 255 Ill. 604.) And even though we confine the term "found" to the method of acquiring jurisdiction by service of process, still service by process is unnecessary when the party appears, whether in person or by attorney (*Abbott v. Semple,* 25 Ill. 107; *Dunning v. Dunning,* 37 Ill. 306) and entry of appearance without objection, or pleading to the merits after an adverse ruling upon a motion to quash the summons, waives defects of process and service, and confers jurisdiction of the person. (*Franklin Life Ins. Co. v. Hickson,* 197 Ill. 117; *Martin v. Martin,* 170 Ill. 18; *Mix v. People,* 106 Ill. 425; *Siegel v. A. H. Andrews & Co.,* 181 Ill. 350.) In other words when residence is not an indispensable element of the court's jurisdiction and jurisdiction of the person may be acquired by due service of process, the method by which the person is brought before the court does not pertain to the subject-matter of the

court's jurisdiction, if the usual method of process and service may both be waived.

Appellant finds support for her theory in the mandatory language "no suit shall be commenced" unless the defendant resides or "is found" etc. We do not understand appellant to argue that being "found" must be contemporaneous with "commencement" of the suit. If so, it could not relate to service of process and would require a definition of the word "found" not only unusual in statutes of this character, but impractical, if not meaningless. If the court may acquire jurisdiction of one when found in its territorial jurisdiction by service of process, which must of necessity follow the commencement of the suit, then he may be found by appearing and waiving process. Otherwise the result would be the anomaly that a first-class case of the Municipal Court would be the only case in that court or any other we know of wherein a nonresident defendant could not confer jurisdiction of his person by consent. Hence, we do not think that the circumstances present a case where there was a want of jurisdiction of the subject-matter of the action, but rather where there was jurisdiction of the subject-matter and where a defective service of process was waived and jurisdiction of the person conferred by appearance and pleading to the action. Hence the pleas were properly overruled.

But appellant urges that the allegations of the bill do not support the decree as to fraud in such transfer, and that it should for that reason have been dismissed. For appellees' contention that appellant is estopped from raising the question because she withdrew her demurrer to the bill, we know of no authority. Even a demurrer does not admit fraud when the facts alleged do not necessarily amount to fraud (*Sterling Gas. Co. v. Higby*, 134 Ill. 557); and it is familiar law that "mere conclusions of the pleader without averments

as to facts will not support an allegation of fraud.''
(*Harrigan v. County of Peoria*, 262 Ill. 36, 45.)

The particular finding claimed to be unwarranted
is that the assignment of the master's certificate was
made with the intent and purpose to defeat and pre-
vent recovery by complainants in their action at law
and is fraudulent and void as to them.

The principal allegations of the bill relied on to sup-
port this conclusion in addition to those pertaining to
the obtaining of judgment, the issuance of execution
and the return *nulla bona,* are to the effect that the
assignment from Julius Heidenreich to his daughter
was without consideration, that she was dependent
upon her father for support and wholly without means
to pay a valuable consideration therefor; that at the
date of the judgment and when the bill was filed said
Heidenreich was the beneficial owner of money amount-
ing to $86,000 and that at the latter date he still had
the same in moneys, securities or other property and
kept them concealed for the purpose of preventing
satisfaction of such judgment, and that if he has
made any transfer or disposition thereof it was color-
able and made with such purpose and would so appear
if he was required to answer interrogatories in the
bill, etc.

There are no other allegations respecting fraud that
are not mere conclusions.   The bill does not allege
insolvency of the judgment debtor at any time, or that
he has not retained sufficient property to pay his in-
debtedness.   In fact the allegations that he still has
$86,000, or the avails thereof, though concealed, would
be construed most strongly against the pleader on that
subject.   Hence, the finding complained of rests main-
ly on two only of the three elements necessary to im-
peach such an assignment, viz.: that it constituted a
voluntary gift and that when made there was an ex-
isting indebtedness of the donor.   But the bill lacks
any allegation supplying the third element, that the

donor did not retain sufficient property to pay his indebtedness. (*State Bank of Clinton v. Barnett,* 250 Ill. 312, 317.) In the case cited it was held that to constitute presumptive or legal fraud in case of a voluntary gift it is necessary both to aver and prove insolvency at the time of the gift; that the return of the execution *nulla bona* establishes prima facie insolvency only at the time of its return. There as here no such averment was made, and the decree was reversed with directions to dismiss the bill.

Nor is the failure to allege insolvency at the time the gift was made supplied by the allegation of concealment of such moneys or the avails thereof. For if such concealment of itself constitutes fraud, still to render such assignment fraudulent, there must by analogy have been such concealment at the time of the assignment to render the latter fraudulent. In the absence of any averments of facts existing at the time of the gift that would impeach such assignment, the bill does not support the decree setting it aside as fraudulent.

But we are of the opinion that the bill should not be dismissed and that complainants would still have a right to proceed under the bill for a discovery of property alleged to be concealed. Accordingly the decree will be reversed and the cause remanded for such action as is consistent herewith.

*Reversed and remanded.*