DETERMINED IN THE

## FIRST DISTRICT .

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1916.

---

**Robert S. Iles et al., Plaintiffs, v. Julius Heidenreich et al., Defendants.**
**Michael Zimmer, Sheriff, Appellee, v. Robert S. Iles et al., on appeal of Ida M. Heidenreich, Appellant.**

### Gen. No. 21,709.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1915.   Reversed with instructions to ' modify decree.   Opinion filed November 14, 1916.

### Statement of the Case.

The bill was a creditor's bill seeking to reach funds deposited in the hands of the cross complainant in his official capacity as sheriff of Cook county to redeem

real estate from a master's certificate of sale in fore-closure proceedings. The cross-bill was of inter-pleader, containing the usual allegations, and that de-fendant Ida M. Heidenreich claimed the redemption money by reason of an assignment of the certificate, and that defendants Robert S. Iles et al., claimed such money by reason of the alleged lien of their judgment on the certificate. See also, case No. 21,708, 201 Ill. App., p. 619, and case No. 22,554, post, p. 4.

Iles and Martin answered the cross-bill admitting its allegations and stating their claim, and the Heiden-reichs demurred. Later Zimmer filed an amended and supplemental cross-bill, as to which the pleadings to the cross-bill were permitted to stand, and the demur-rer and additional demurrers were overruled. De-fendant Julius Heidenreich stood by his demurrers and defendant Ida Heidenreich answered.

A separate decree from that entered on the bill was entered ordering the deposit of such money with the clerk of the court, discharging the cross complainant from all liability to the Heidenreichs, and enjoining defendant Ida Heidenreich, according to the prayer of the amended and supplemental cross-bill, from prosecuting an action in tort against Zimmer for re-fusing to pay such moneys to her on demand therefor.

FARLIN H. BALL and G. A. BURESH, for appellant.

ROBERT S. ILES and ROBERT D. MARTIN, pro se.

THOMPSON, MOORE & CLARK, for appellee; EDWIN WHITE MOORE, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Iles v. Heidenreich, 202 Ill. App. 1.

## Abstract of the Decision.

1. INTERPLEADER—*when bringing of action of conversion against complainant not a defense.* Where a bill of interpleader alleges that a specific fund is in the hands of complainant, to which fund adverse claims are made by two parties, it is no defense to the bill that it sets up the fact that one of the claimants brought an action of tort for conversion against complainant, thereby, as claimant claims, making her claim that of damages for conversion, and not to the specific fund, where in her answer such claimant claims the specific fund, taking issue with complainant on his right to withhold it, and to the remedy of interpleader, and where it does not appear, by the pleadings or evidence, that there was a conversion.

2. TROVER AND CONVERSION, § 39*—*when evidence insufficient to show conversion of money.* Conversion of a sum of money is not shown by proof of demand and refusal where it appears that at the time of the demand and refusal the person charged with conversion was a defendant in garnishment proceedings to reach the fund demanded, and later, and up to the time an action was commenced to recover for the alleged conversion, was under order of court to hold and retain the fund in the garnishment proceedings until further order of court.

3. INTERPLEADER, § 8*—*when rights of defendants deemed to have been derived from common source.* On a bill of interpleader, where it appears that the fund in the hands of complainant is money deposited with him in his official capacity as sheriff to redeem real estate from a master's certificate of sale in foreclosure proceedings, it cannot be successfully maintained that the claims of defendants are not dependent on or derived from a common source, where it appears that one class of defendants claim as judgment creditors on the ground of a fraudulent assignment of the master's certificate, and that the other defendant claims under the assignment, the claims of both emanating from the certificate, the one being a claim of an equitable right and the other of a legal right.

4. INTERPLEADER, § 6*—*when bill of is maintainable.* A bill of interpleader is maintainable where both parties claim the same credit or chose in action, and it matters not though the claim of one is actionable at law, and the other in equity.

5. INTERPLEADER, § 6*—*when bill of is maintainable.* On a bill of interpleader, where it appeared that the fund in the hands of complainant was money deposited with him in his official capacity as sheriff to redeem real estate from a master's certificate in foreclosure proceedings, where one class of defendants claimed as judgment creditors on the ground of a fraudulent assignment of the master's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

certificate, and the other under the assignment, *held* that the facts presented a proper case for interpleader, and that an order that complainant pay over the fund to the clerk and that he be discharged from liability was proper.

6. INTERPLEADER, § 18*—*what decree should not contain.* Although the only relief properly sought by a bill of interpleader is that which effectually discharges petitioner from further liability or annoyance in regard to the fund or property as to which adverse claims are made, and although such relief may include injunctive relief against the prosecution of proceedings to establish title or ownership to the fund or property, yet it is not the purpose of such a bill to litigate claims other than rights to the property, for which reason it is error to include injunctive relief in the decree restraining defendant from prosecuting an action in tort for damages for withholding the fund, such action presenting a distinct question, the purpose of which was not to recover the fund.

7. INTERPLEADER, § 18*—*what decree should contain.* A decree granting the prayer of a bill of interpleader and ordering the fund to be paid to the clerk should include an order to the cross defendants to interplead.