(No. 13240.—Appellate Court reversed; superior court
affirmed in part.)

ROBERT S. ILES *et al.* Plaintiffs in Error, *vs.* JULIUS HEI-
DENREICH *et al.*—(IDA M. HEIDENREICH, Defendant in
Error.)

*Opinion filed June 16, 1920.*

1. PRACTICE—*duty of trial court on remandment of a cause by
the Appellate Court.* On remandment of a cause by the Appellate
Court it is the duty of the trial court to proceed in conformity with
the opinion of the Appellate Court and be governed by the legal
principles announced in the opinion in the further consideration of
questions which have not been determined on their merits in the
Appellate Court.

2. SAME—*when pleadings may be amended after remandment
to make them conform to proof.* Where the Appellate Court finds
that the allegations of a creditor's bill are not sufficient to sustain
a decree *pro confesso* based on the theory that a transfer of a mas-
ter's certificate of purchase was in fraud of creditors but holds that
complainants may still proceed under the bill for the discovery of
concealed assets, on general remandment of the cause the proceed-
ings need not be restricted to a discovery of concealed assets, but
the pleadings may be amended to support a decree, fully authorized
by the evidence, requiring that the redemption money paid for the
certificate of purchase, and claimed by the debtor's assignee, be
used, so far as necessary, to pay the complainants' judgment.

3. DEBTOR AND CREDITOR—*when decree should not subject home-
stead property to complainants' judgment.* A decree in a creditors'
bill proceeding finding that the debtor had conveyed his homestead
property to his daughter without consideration and in fraud of
creditors should not subject the homestead property to the com-
plainants' judgment, where the value of said property is not proven
nor found by the decree to be more than $1000.

4. EQUITY—*technicalities should not be allowed to defeat jus-
tice.* Strict technical constructions may be allowed in the interest
of justice, but where possible to be avoided without the violation
of settled legal principles and rules they should not be allowed to
defeat justice.

5. PLEADING—*when it is not reversible error to hear cause with-
out requiring replications to plea or answers.* Though no replica-
tions are filed to the plea or answers to a creditors' bill it is not
reversible error for the court to hear the cause upon such state of
the pleadings, where the parties, upon the motion of the only de-
fendant who has filed a plea or answer, agree to refer the cause to
the master to take proof on all the material issues.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

RODERICK H. O'CONNOR, and WILLIAM H. GALLAGHER, for plaintiffs in error.

FARLIN H. BALL, and G. A. BURESH, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiffs in error (hereafter referred to as complainants) filed their bill in chancery October 23, 1913, in the superior court of Cook county, alleging they recovered a judgment in the municipal court of Chicago on May 18, 1912, against Julius Heidenreich for $1500 and costs of suit; that no appeal had been taken from said judgment or writ of error sued out to review it; that three executions had been issued on said judgment and returned no property found to satisfy the judgment in whole or in part and that said judgment was still in full force and effect. The bill alleged that Heidenreich had fraudulently assigned to his daughter a master's certificate of purchase of certain lots described, sold under foreclosure decree for $10,000; that redemption from said sale had been made by depositing with Michael Zimmer, sheriff of Cook county, $11,539.36, who then had in his possession and custody $3000 of the redemption money which Ida Heidenreich claimed under the assignment from her father, which assignment was alleged to be fraudulent and made without a valuable consideration, for the purpose of defeating complainants in the collection of their judgment. The bill was also for discovery, and alleged Julius Heidenreich had received in May and July, 1911, $86,000 from the Chicago and Western Indiana Railroad Company for certain real estate; that he was the

beneficial owner of said money but kept it concealed for the purpose of preventing complainants from obtaining satisfaction of their judgment. The bill further alleged that if Heidénreich had transferred or assigned other of his property the transfer was only colorable and was made for the purpose of placing it beyond the reach of complainants as creditors. The bill prayed complainants' judgment be made a lien on the redemption money in the sheriff's hands and satisfied out of the same and for certain injunctive relief. Julius Heidenreich, Ida M. Heidenreich and Michael Zimmer, sheriff of Cook county, were made defendants. Julius and Ida M. Heidenreich filed pleas to the bill, which were overruled by the court, and they refused to answer further. The sheriff filed an answer, and the cause was heard on his answer and the default of Julius and Ida M. Heidenreich and a decree *pro confesso* was entered against them, finding the assignment of the certificate was not made in good faith for value but was made without any valuable consideration, with the intent and purpose to defeat complainants' judgment and was fraudulent and void as to them. The decree further found there was a balance of $3000 of the redemption money in the hands of the sheriff; that it was the property of Julius Heidenreich, and complainants' judgment was ordered paid out of it by Zimmer, sheriff. From that decree Ida M. Heidenreich prosecuted an appeal to the Appellate Court and Julius Heidenreich sued a writ of error out of this court to review the same decree. Subsequently Zimmer filed a cross-bill in the nature of an interpleader. Ida M. Heidenreich answered the cross-bill and Julius Heidenreich filed a disclaimer. Such proceedings were had that a decree on the cross-bill was entered *nunc pro tunc* as of the same date as the former decree, directing the sheriff to deposit the $3000 in his hands with the clerk of the court, and having done so he was dismissed out of the case. Ida M. Heidenreich was enjoined from prosecuting any suit at law against the sheriff for the

money. From that decree, also, Ida M. Heidenreich prose-
cuted an appeal to the Appellate Court. The writ of error
sued out of this court by Julius Heidenreich was trans-
ferred to the Appellate Court, and the decisions of the Ap-
pellate Court are reported in *Iles* v. *Heidenreich,* 202 Ill.
App. 1 and 4, and 201 id. 619. The Appellate Court held
in 201 Ill. App. the allegations of the bill of complainants
were not sufficient to support the decree, in that it was not
alleged Julius Heidenreich was insolvent or that he had not
retained sufficient property to pay his indebtedness; that
the allegations that the assignment of the certificate was a
voluntary gift and that when made there was existing in-
debtedness of the donor were insufficient to support the
decree, there being no averment the donor did not retain
sufficient property to pay existing creditors, and that the
absence of such averment was not supplied by the allegation
of concealment of money or avails thereof by the judgment
debtor, for if such concealment of itself constituted fraud,
to render the assignment fraudulent there must have been
such concealment at the time the assignment was made. In
reversing the decree the court said: "But we are of the
opinion that the bill should not be dismissed and that com-
plainants would still have a right to proceed under the bill
for a discovery of property alleged to be concealed," and
the cause was "remanded for such action as is consistent
herewith." When the cause was re-docketed in the superior
court complainants by leave of court filed what is called
an amended and supplemental bill, which, in addition to
the allegations in the original bill, alleged more specifically
that Julius Heidenreich, for the purpose of defeating the
collection of complainants' judgment, had fraudulently as-
signed, transferred and concealed his property for the pur-
pose of placing the same beyond the reach of his creditors,
and that said assignments and transfers were made in an-
ticipation of the complainants' judgment while the suit was
pending against Heidenreich; that he has property, effects

and equitable interests concealed and held in trust for his
benefit more than sufficient to pay complainants' judgment,
and a full discovery by him of his property and effects
was asked for. The bill again alleged that the assignment
of the certificate of purchase by Heidenreich to his daugh-
ter, Ida, was without consideration, fraudulent and void
and made for the purpose of preventing complainants from
collecting their judgment, and that Heidenreich had so con-
cealed and kept concealed or had given away or transferred
all of his property that no other property of his could be
found or reached by execution or legal process in satisfac-
tion of his debts. Ida M. Heidenreich filed an answer to
the cross-bill, referred to as an answer in the nature of a
plea *puis darrein. continuance,* in which, among other things,
she alleged the judgment of the Appellate Court was an
adjudication of the validity of her claim to the redemption
money. She also answered the amended and supplemental
bill of complainants, denying all manner of fraud charged
and alleging that the assigment of the certificate of purchase
was made for a good and valuable consideration. Julius
Heidenreich was defaulted and no replication was filed to
the answers of Ida. The cause was referred to a master
in chancery, on motion of Ida, to take proof on the material
issues made by the pleadings and report his conclusions of
law and fact. The master reported that since the summer
of 1911 Julius Heidenreich had concealed and kept con-
cealed his property, money and assets, other than the mas-
ter's certificate, for the purpose of defrauding his creditors,
including complainants; that the assignment of the certifi-
cate by Heidenreich to his daughter was without considera-
tion, was made for the purpose of defrauding complainants,
should be decreed fraudulent and void, and the redemption
money on deposit with the clerk applied, so far as neces-
sary, to the payment of complainants' judgment, interest
and costs. Objections and exceptions to the master's report
were overruled and a decree entered in accordance with the

master's recommendation. Ida M. Heidenreich prosecuted
an appeal from that decree to the Appellate Court for the
First District. That court reversed the decree of the supe-
rior court and remanded the cause, with directions to the
superior court to dismiss the complainants' bill for want of
equity and to enter an order directing the clerk to pay to
Ida M. Heidenreich the $3000 in his custody. This court
allowed complainants' petition for a writ of *certiorari* and
the case is brought here for review.

It is surprising how the decision of a single question
may be complicated and obscured by voluminous pleading.
This suit was originally begun for the purpose of subject-
ing certain money claimed by Ida M. Heidenreich, and al-
leged to be the property of Julius Heidenreich, to the pay-
ment of complainants' judgment against him on the theory
that Ida's claim was fraudulent and the assignment of the
certificate to her by her father, out of which the money
arose, was fraudulent and made to defeat the collection of
the judgment. That question has never yet been directly
decided by the Appellate Court in any of its three deci-
sions, although it is claimed the decision in 201 Ill. App.
619 indirectly decided it adversely to complainants, and it
was therefore not a proper subject of adjudication by the
superior court on the re-trial of the case, and the correct-
ness of that contention is the principal subject discussed in
the briefs. In the view we take of the case it will be un-
necessary to go further into the pleadings in detail. The
bill filed after the remandment, if it was properly allowed
to be filed, was sufficient in its allegations if sustained by
the proof, and the evidence heard by the master amply sus-
tained its allegations that the redemption money was sub-
ject to be applied to the payment of complainants' judgment.

The principal question presented is whether, under the
judgment and the remanding order of the Appellate Court,
it was permissible for complainants to amend their bill so
as to litigate the question whether the assignment of the

certificate of purchase to Ida was made without considera-
tion, for the purpose of defeating complainants in the col-
lection of their judgment, and therefore was fraudulent and
void. The first decree of the superior court found that it
was, and ordered the custodian of the redemption money
to apply it on complainants' judgment. The sheriff was
subsequently dismissed out of the case on his depositing the
money with the clerk of the court, and the clerk was ordered
to pay it on complainants' judgment. Those decrees were
reversed for the reasons stated in 202 Ill. App. 1 and 4,
without passing on the merits, and the cause was remanded,
with directions for further pleadings. The opinions in those
two cases were filed the same day as the opinion reported
in 201 Ill. App. 619, in which the principal ground for re-
versal was that the decree, being a *pro confesso* decree, was
not sustained by the allegations of the bill, for the reason
that it was not alleged Julius Heidenreich did not retain
sufficient property to pay his debts. The judgment of the
Appellate Court was not the result of the court's finding
that the assignment of the certificate of purchase was with-
out consideration and for the purpose of placing it beyond
the reach of complainants, but was the result of that court
holding that to entitle complainants to a decree *pro con-
fesso* it was necessary that the bill should have alleged that
Heidenreich did not retain other property which could be
reached in satisfaction of the judgment. There can be no
doubt that it is the duty of a trial court, on the remand-
ment of a case, to proceed in conformity with the opinion
of the Appellate Court and be governed by the legal prin-
ciples announced in the opinion in the further consideration
of questions which have not been determined on their mer-
its in the Appellate Court. (*Noble* v. *Tipton,* 222 Ill. 639;
*Prentice* v. *Crane,* 240 id. 250.) We are not disposed to
hold the superior court erred in not restricting the further
proceedings, after remandment, within the narrow limits of
a discovery, alone, of concealed assets, and if none were

discovered dismiss the bill for want of equity. The decision of the Appellate Court was on a question of pleading, which might be amended on another trial to obviate the defects. The decree that the assignment of the certificate of purchase was fraudulent and was made to defeat the complainants' judgment was abundantly warranted by the testimony. While Julius Heidenreich in 1911 received $86,000 in money, complainants were unable to discover where it was or what had become of it, or to discover any other property of his than the money in the clerk's hands and the homestead property hereafter referred to. Unless, therefore, the money in the clerk's hands, which is, in fact, Heidenreich's money, is applied to the payment of complainants' judgment, so far as this record discloses it cannot be collected. Strict technical constructions may sometimes be allowable in the interest of justice, but where possible to be avoided without the violation of settled legal principles and rules they should not be resorted to defeat justice. In our opinion, therefore, that part of the decree of the superior court directing that the money in the clerk's hands, so far as necessary, be applied on the payment of the judgment and costs was correct.

The decree further finds that Julius Heidenreich conveyed his homestead property to his daughter, Ida, without any consideration, after complainants' suit was brought upon which they obtained their judgment, and that such conveyance was made for the purpose of defeating creditors and was fraudulent and void as to complainants. The conveyance was set aside and the property decreed to be subject to the judgment of complainants. The value of the homestead property was not proven or found by the decree. If it was not worth more than $1000 it was not liable to execution on the complainants' judgment, and we would not be warranted in assuming from anything in the record that it was worth more than $1000. In our opinion that part of the decree was erroneous.

No replication appears to have been filed to the plea or answers of Ida M. Heidenreich to the cross-bill and amended and supplemental bill of complainants, and it is insisted that it was error for the court to hear and determine the case in that state of the pleadings. In its decree the court overruled the answer of Ida to the cross-bill in so far as it was in the nature of a plea, and held that replications to the answers and plea to the amended and supplemental bill and cross-bill were waived by the act of the parties in having the cause referred to the master. The order of reference appears to have been made on the motion of Ida to take proof upon all the material issues raised by the bill, cross-bill and interpleaders and report the same with his conclusions of law and fact. No doubt the correct practice would have been for the court to have determined the sufficiency of the so-called plea to the cross-bill before reference. It did not do so until after the master's report was made. But we do not think this irregularity would justify a reversal of the decree, especially as Ida did not ask to have the sufficiency of the plea determined but moved to refer the cause to the master without that being done and without replications being filed.

The judgment of the Appellate Court is reversed and that part of the decree of the superior court directing the application of the redemption money in the clerk's custody to the payment of complainants' judgment is affirmed and that part of the decree setting aside the conveyance by Julius Heidenreich of his homestead is reversed. One-half the costs in this court will be taxed to plaintiffs in error and one-half to defendant in error.

*Judgment of Appellate Court reversed.*
*Decree of superior court affirmed in part.*